UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>v.<br><br>Javier ECHEVERRIA-CORONA AKA German Alonso GARCIA-QUINTERO, Ricardo BARAJAS-PERALTA, Alexis Moises RANGEL-AYALA, and Jose Luis ECHEVERRIA-MARTINEZ,<br><br>           Defendants. | Case No.: 3:20-CR-0952-GPC<br><br>**ORDER**<br><br>**(1) DENYING MOTION TO DISMISS PROSECUTION;**<br><br>**(2) DENYING MOTION FOR COMPASSIONATE RELEASE; AND**<br><br>**(2) DEFFERING DECISION AS TO ANY RELIEF AVAILABLE UNDER 18 U.S.C. § 3144 RELEASE UNTIL THE MAY 6, 2020 HEARING.**<br><br>**(ECF No. 37.)** |

  The Material Witnesses in this prosecution for alien smuggling seek (1) dismissal of the Indictment or (2) their release from custody in light of the delays and health risks caused by the COVID-19 pandemic. The Court finds that the Material Witnesses lack standing to challenge the Indictment and otherwise do not qualify for compassionate

release, and defers consideration of other relief under 18 U.S.C. § 3144 until the hearing scheduled for May 6, 2020 at 11:45 a.m.

## I. Background

On February 6, 2020, investigators apprehended ten people attempting to enter the United States aboard a panga boat. Four of the individuals were arrested – two for alien smuggling and two for attempted re-entry. The remaining six people were charged in a complaint on February 7, 2020 as material witnesses in the alien-smuggling case and have been held at a detention facility in San Luis, Arizona since their arraignment. *See* ECF No. 1, *U.S. v. Echeverria-Corona, et al.*, 20-CR-862 GPC (S.D. Cal. Feb. 7, 2020).

On March 11, 2020, the Government extended plea offers to the two Defendants. As part of the plea-offer package, the Government provided stipulations for the material witnesses' release, which require the Defendants to stipulate that they (i) are aliens with no legal right to enter the United States, (ii) attempted to enter the United States on February 6, (iii) were found on a panga boat piloted by the 1324 Defendants, (iv) were paying or having others pay on their behalf to be brought into the United States, and (v) could be released from custody and deported. On April 14, the Government informed counsel for the Defendants and Material Witnesses that it would agree to entry of the material-witness stipulations orally.

On April 24, 2020, the Material Witnesses filed a motion seeking dismissal of the Indictment or compassionate release of the Material Witnesses. (ECF No. 37.) On April 28, 2020, the Government filed a response. (ECF No. 39.) On April 28, 2020, Defendant Barajas-Peralta also filed a response and opposition. (ECF No. 41.) On April 28, 2020, the Material Witnesses filed a reply. (ECF No. 42.) The Court held a hearing on the motion on April 29, 2020, at which time the Court directed the Parties to meet and confer in an effort to resolve the matter and then submit supplemental briefs reporting on the status of the matter by noon on May 5, 2020. (ECF No. 43.)

///

## II. Legal Standard

### A. Dismissal of an Indictment

The Federal Rules of Criminal Procedure ("Rule") permit the Court to dismiss a charging instrument "if unnecessary delay occurs in: (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial." Fed. R. Crim. P. 48(b). "Rule 48(b) is a codification of the inherent power of a court to dismiss a case for want of prosecution." *United States v. Huntley*, 976 F.2d 1287, 1291 (9th Cir. 1992) (*United States v. Clay*, 481 F.2d 133, 137–38 (7th Cir. 1973)).

Alternatively, the Court may order the dismissal of a charging instrument "when the actions of law enforcement officers or informants are 'so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction.'" *United States v. Black*, 733 F.3d 294, 302 (9th Cir. 2013) (quoting *United States v. Russell*, 411 U.S. 423, 431–32 (1973)). Dismissing an indictment for outrageous government conduct, however, is "limited to extreme cases" in which the defendant can demonstrate that the government's conduct "violates fundamental fairness" and is "so grossly shocking and so outrageous as to violate the universal sense of justice." *Id.* (quotation omitted).

### B. Compassionate Release Under 18 U.S.C. § 3582(c).

Courts are permitted to modify an imposed term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant . . ." 18 U.S.C. § 3582(c)(1)(A). A Defendant may motion for compassionate release only "after [the Defendant] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(a).

Upon receiving a properly filed motion, the Court may "reduce the term of imprisonment" or "impose a term of probation or supervised release . . . after considering

the factors set forth in section 3553(a) to the extent that they are applicable." *Id.* The Court must, moreover, find that either "(i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(a)(i)–(ii). Any reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(a)(ii).

## III. Analysis

Here, the Material Witnesses seek dismissal of the Indictment and release from custody in response to the COVID-19 pandemic. (*See generally* ECF Nos. 37-1, 42.) Specifically, the Material Witnesses express concern that the pandemic "threatens [their] health and safety" in light of the virus's "widespread . . . infiltration of the penitentiary system," and that their case has been delayed with "no end in sight." (ECF No. 37-1 at 7, 11.) The Material Witnesses also assert that their release on bond is an insufficient remedy because they cannot make bail and, even if they had the resources to do so, Customs and Border Patrol would "promptly roll them over to [an] immigration hold pending resolution of the criminal case." (*Id.* at 11.)

The Government responds that, the COVID-19 pandemic notwithstanding, the Material Witnesses lack "standing" to challenge the Indictment under either Rule 48 and are ineligible for release under 18 U.S.C. § 3582. (ECF No. 39 at 3–7.) The Court agrees.

### A. Dismissal of the Indictment

Simply put, nothing in Rule 48(b) contemplates the remedy sought by the Material Witnesses. Fed. R. Crim. P. 48(b). Rule 48(b) is directed at delays affecting a defendant and makes no reference to anyone else, including a material witness, having the right to seek dismissal on behalf of a defendant.  Further, the Material Witnesses do not allege

4

3:20-CR-0952-GPC

delay in presenting the charges to the grand jury or in bringing the Defendant to trial.

Next, the Material Witnesses make no allegation that the Government has acted outrageously in delaying their release, instead recognizing that the Government "has agreed to stipulate orally" to the release of the Material Witnesses. (ECF No. 37-1 at 8.) At most, the Material Witnesses allege that their undefined "due process" rights have been violated. (ECF No. 37-1 at 9.) And, even if Rule 48(b) is applicable in these circumstances, the allegations are insufficient given the "caution" that "must be exercised before imposing the 'harsh remedy' of a Rule 48(b) dismissal." *United States v. Huntley*, 976 F.2d 1287, 1292 (9th Cir. 1992). Afterall, Rule 48(b) "requires findings of prosecutorial misconduct and actual prejudice to the accused." *Id.*

### B. Compassionate Release

Material witnesses are likewise ineligible for compassionate release under 18 U.S.C. § 3582. The statute permits a reduction to a "term of imprisonment" or a "a term of probation or supervised release" and, certainly, Material Witnesses are not subject to any such terms. The statute further restricts the motion to be made by "the Director of the Bureau of Prisons, or . . . the defendant," and the Material Witnesses are neither.

### C. Other Relief Under 18 U.S.C. § 3144

The Court thus construes the Material Witnesses' motion as one seeking relief under 18 U.S.C. § 3144, the Material Witness statute. Under this statute, the Court may arrest and detain a material witness if it is "impracticable" to secure their presence of the person by subpoena. 18 U.S.C. § 3144. "No material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention is not necessary to prevent a failure of justice." *Id.* "Release of a material witness may be delayed for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure." *Id.*

The Rules, in turn, permit a party to "move that a prospective witness be deposed in order to preserve testimony for trial . . . [for] exceptional circumstances and in the interest of justice." Fed. R. Cr. P. 15(a)(1). Witnesses detained per § 3144 "may request to be deposed by filing a written motion and giving notice to the parties." *Id.* "The court may then order that the deposition be taken and may discharge the witness after the witness has signed under oath the deposition transcript." Fed. R. Crim. P. 15(a)(2).

"Read together, Rule 15(a) and § 3144 provide a detained witness with a mechanism for securing his own release." *Torres-Ruiz v. U.S. Dist. Ct.*, 120 F.3d 933, 935 (9th Cir. 1997) (internal quotation omitted); *see also In re Material Witness Summons in re Motor Tanker Zao Galaxy*, No. 19-XR-90626-KAW, 2019 WL 4221727, at *2–3 (N.D. Cal. Sept. 5, 2019). Consequently, the Court construes ECF No. 37 as a motion filed pursuant to 18 U.S.C. § 3144 and will address what relief, if any, is appropriate under the instant circumstances at the hearing set for May 6, 2020.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** the Material Witnesses' motion to dismiss the Indictment. Neither the Rules of Criminal Procedure nor 18 U.S.C. § 3582 permit Material Witnesses to obtain dismissal of the Indictment or compassionate release. Instead, Material Witnesses may seek release under 18 U.S.C. § 3144, and the Court **DEFERS** consideration of such relief to the upcoming hearing on May 6, 2020.

**IT IS SO ORDERED.**

Dated: May 1, 2020

Hon. Gonzalo P. Curiel
United States District Judge